UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN STUDY,

    Plaintiff,

v().                                        Case No. 3:14cv364/LC/CJK

TODD MEYER, Prosecutor, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate at the Wabash Valley Correctional Facility in Carlisle, Indiana, who is proceeding *pro se*, filed an original and first amended civil rights complaint in this court under 42 U.S.C. § 1983, asserting claims against a number of defendants stemming from his transfer from Florida to Indiana, and then back to Florida, apparently at the request of Indiana authorities (doc. 6). Upon review of the original and first amended complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division, based on venue considerations.

      Venue for actions under 28 U.S.C. § 1331 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. In addition, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

Considering that plaintiff currently is housed in Indiana, the majority of the defendants reside in Indiana, and a substantial portion of the events of which plaintiff complains took place Indiana, including the decision to transport plaintiff and retention of the private transport company that allegedly was transporting plaintiff when he was injured, the undersigned finds that both the private interests of the litigants and the public interest in the administration of justice will be better

Case No. 3:14cv364/LC/CJK

served by transfer of this action to the Southern District of Indiana, Indianapolis Division, where plaintiff apparently has another case pending after transfer from this court.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be TRANSFERRED to the United States District Court for the Southern District of Indiana, Indianapolis Division.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).