UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN STUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:15-cv-00101-LJM-WGH |
| | ) |
| TODD J. MEYER, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Pending Motions**

**I.
Motion to Disqualify**

Plaintiff John Study argues that the undersigned should disqualify himself pursuant to 28 U.S.C. § 455(a), (b)(1), (b)(4). This request is made almost four months after this case was first assigned to the undersigned and twenty-eight days after the action was dismissed without prejudice on June 19, 2015. Notably, the issue of disqualification was raised for the first time only after Mr. Study's attempts to convince the Court that he is eligible to proceed *in forma pauperis* failed.

Under 28 U.S.C. 455(a), a federal judge must disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id*. In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

Section 455(b) requires recusal in several specifically enumerated situations. Recusal is required under § 455(b)(1) when the judge "has a personal bias or prejudice concerning a party." To disqualify a judge under this provision, the party must prove bias "by compelling evidence" and "[t]he bias or prejudice must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted). Finally, § 455(b)(4) requires recusal when the judge "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

Mr. Study was sentenced, and had a civil rights case presided over, by the late United States District Judge James E. Noland, who served on this Court with distinction until he passed away in 1992. Mr. Study argues that the undersigned should be disqualified because of "direct contact" between the undersigned and Judge Noland and retired U.S. Probation Officer Michael Kendall. According to Mr. Study, this "contact" prevents the undersigned from being impartial in this case.

As recognized by Mr. Study, the undersigned was appointed to serve as a United States District Judge for this District in 1987 and thus was colleagues with Judge Noland on this Court for approximately five years and overlapped with the tenure of Probation Officer Kendall as well. But this is not a basis for disqualification under any of the provisions on which Mr. Study relies. Mr. Study essentially argues that any judge cannot impartially preside over a case in which one of the litigants has been sentenced by, or received an adverse ruling from, one of the judge's former colleagues. This generalized connection between two judges falls well short of establishing that any bias exists under any of the provisions upon which Mr. Study relies.

First, no reasonable person would perceive a significant risk that the undersigned has resolved the instant case "on a basis other than the merits," *Hook*, 89 F.3d at 354, merely because a former colleague sentenced or issued an adverse ruling to Mr. Study more than twenty-five years ago. Thus disqualification is not appropriate under § 455(a). Second, § 455(b)(1) is inapplicable for essentially the same reasons—there is no "compelling evidence" that the undersigned harbors any "bias or prejudice" that is "grounded in some personal animus or malice" against Mr. Study. *Grove Fresh Distribs., Inc.*, 299 F.3d at 640. Finally, § 455(b)(4) is not applicable, as Mr. Study has not even alleged that the undersigned has a financial interest in the outcome of this case. For these reasons, Mr. Study's motion for disqualification [Docket No. 33] is **denied**.

Additionally, Mr. Study's motion for disqualification under § 455(a) is denied as untimely. The purpose of § 455(a) is "to prevent the appearance of bias and to preserve the public's faith in the judicial process." *United States v. Diekemper*, 604 F.3d 345, 354 (7th Cir. 2010). It follows that "[o]nce the proceedings at issue are concluded, a post hoc motion for recusal will do little to remedy any appearance of bias that was present." *Id.* Here, Mr. Study first seeks disqualification in the instant post-judgment motion. Despite frequent filings and challenges to the Court's decisions in this case prior to the entry of final judgment, Mr. Study only raised the prospect of disqualification after his case was dismissed even though his alleged basis for disqualification is twenty-five years old. Such a post hoc motion for recusal—even if it would have been meritorious (which it would not have been)—"will do little to remedy any appearance of bias that was present." *Id.* For this additional reason, Mr. Study's motion for disqualification under § 455(a) must be denied.

## II.
## Motion to Reconsider

Mr. Study next requests that the Court alter withdraw final judgment in this case and reconsider the conclusion that he has three strikes pursuant to 28 U.S.C. § 1915(g). In *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008), the Seventh Circuit declared that district courts should analyze post-judgment motions based on their substance: "whether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Mr. Study argues that the Court has made an error of law in determining that he has accrued three strikes under § 1915(g). Because this argument of legal error could not be maintained under Rule 60(b), *see Marques v. FRB*, 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."), the Court treats his motion to reconsider as a motion pursuant to Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation omitted). A manifest error of law under Rule 59(e) means the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014) (citation omitted).

Mr. Study argues that the Court made an error of law by concluding in its June 2, 2015, Entry that he accrued a strike in *Study v. United States*, No. 1:10-cv-153-WTL-DML, Docket No.. 27 (S.D. Ind. May 7, 2010). Specifically, he argues that he sought a writ of corum nobis in that case, which does not constitute a strike under § 1915(g). This is the precise argument the Court

already rejected in its June 2, 2015 Entry. The Court did not conclude that all corum nobis actions were susceptible of becoming a strike under § 1915(g), but did explain that the claim made and the relief sought in *Study v. United States*, No. 1:10-cv-153-WTL-DML, qualified as a strike. Therefore, not only did the Court not engage in the "wholesale disregard, misapplication, or failure to recognize controlling precedent," *Anderson*, 759 F.3d at 653, it stands by its previous decision as correct. For these reasons, Mr. Study's motion to reconsider [Docket No. 33] is **denied**.

    **IT IS SO ORDERED.**

Date: 08/05/2015

                                              LARRY J. McKINNEY, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distribution:

JOHN STUDY - #129153
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only